IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FLETCHER LEE HARTSELL, JR.<br><br>Defendant. | 1:16-CR-00344-1<br>1:16-CR-00392-1 |

**ORDER**

These cases are before the court on "Defendant's Unopposed Motion for Early Termination of Supervised Release" filed July 24, 2019. (Doc. 50 in case 1:16cr344; Doc. 43 in case 1:16cr392.) The United States Probation Office and the Government do not oppose early termination of Mr. Hartsell's supervised release.

Mr. Hartsell pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 (case 1:19cr344) and two counts of filing false tax returns in violation of 26 U.S.C. § 7206(1) (case 1:19cr392) and was sentenced to eight months of imprisonment and three years of supervised release. He was released from prison on March 9, 2018, and he began his supervision at that time. The court has subsequently modified his supervision, based on Mr. Hartsell's exceptional conduct during supervision. (Doc. 38, 42.)

Mr. Hartsell now moves for early termination of his supervision. In support of his motion, he notes that he has

satisfied his active sentence, remained law abiding, and continued to be an active, productive member of society.

Congress permits a court to terminate a defendant's term of supervised release if, after weighing several enumerated factors and determining that the defendant has served more than one year of supervised release, the court concludes that termination is warranted by the defendant's conduct and the interests of justice. 18 U.S.C. § 3583(e). The court has carefully considered the enumerated factors for termination of supervised release under section 3583(e) and section 3553(a)(1), (a)(2)(B), (a)(2)(C), (A)(2)(D), and (a)(4) through (a)(7) and is satisfied that early termination is warranted by Mr. Hartsell's comportment and is in the interest of justice.

The U.S. Probation Officer notes that Mr. Hartsell's supervision has been exceptional and that as a result of his positive adjustment following release Mr. Hartsell was transferred to the low intensity supervision caseload on November 2, 2018. Thus, Mr. Hartsell's performance during his supervision demonstrates that he is a good candidate for termination.

Because the court can readily make this determination based on the materials before it, the determination is favorable to Mr. Hartsell, and the United States does not oppose the relief sought, no hearing is required under Federal Rule of Criminal Procedure 32.1(c).

IT IS THEREFORE ORDERED that Mr. Hartsell's motions to terminate supervised release are GRANTED and his supervision is TERMINATED.

/s/ Thomas D. Schroeder
United States District Judge

August 13, 2019